PER CURIAM.
We affirm appellant’s convictions of one count of racketeering under section 895.03(3), Florida Statutes, and of seven counts of organized fraud under sections 817.034(4)(a), Florida Statutes, and find only two matters merit brief discussion.
First, we do not need to decide if the trial court erred regarding its findings as to reasons to depart from the sentencing guidelines as the sentence imposed is not a departure sentence. Appellant has not been harmed by the sentence, and may never be, and therefore has not raised an appealable issue.
Second, we note that the written orders placing appellant on probation for the organized fraud counts do not conform to the sentence the trial court pronounced in open court, and thus remand for conformation thereof. Specifically, the trial court orally announced that appellant would be on probation for 30 years on counts 2 through 7, and for five years on count 8. The documents entitled Judgment, Sentence and Order Placing Defendant on Probation During a Portion of Sentence state that appellant pleaded nolo contendere to the charges, whereas he was found guilty by a jury; state that organized fraud is a second-degree felony, while in fact six of those counts were first-degree felonies; and state that the probation imposed is “THREE (30) YEARS ALL COUNTS TO RUN CONCURRENT AND CONCURRENT TO COUNT 1,” rather than what was announced in open court, which was 30 years probation on counts 2 through 7 and five years probation on count 8.
Therefore, we remand so that the written orders placing appellant on probation may be conformed to the trial court’s oral pronouncements.
MINER, MICKLE and LAWRENCE, JJ., concur.